IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

---

DANIEL HAMILTON,　　　　　　　　　　　　　Civil Action No.: 12-cv-00501-REB-MJW

　　　　　　　　　　　Plaintiff,

-against-

MOOG INC.,

　　　　　　　　　　　Defendant.

---

( Docket No. 20-1 )

## STIPULATED QUALIFIED PROTECTIVE ORDER

The parties to this Stipulated Qualified Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

　　1.　　Scope. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

　　2.　　Form and Timing of Designation. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete

1

removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type. To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes ("Electronic Discovery Material") is produced in such form, a party or third-party producing such Electronic Discovery Material may designate it as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying load file. Whenever a party or other person subject to this order to whom confidential Electronic Discovery Material is

produced reduces the confidential Electronic Discovery Material to hardcopy or image form, that party or other person shall mark the hardcopy or image form with the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation before disseminating or otherwise distributing any information and/or documents subject to protection pursuant to this Order.

    4.    Depositions. Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

    5.    Protection of Confidential Material.

        (a)    General Protections. Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in paragraph 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action [adversary proceeding],including any appeal thereof.

        (b)    Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

            (1)    Counsel. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

            (2)    Parties. Parties and employees of a party to this Order. If the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection that prohibits disclosure of

such documents or information to category (2) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order;

(3) The Court, mediators, and support personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions

(5) Consultants, Investigators and Experts. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(6) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order. If the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture or sale of any product that competes with or is similar to any products researched, developed, manufactured by any named defendant herein, said witness shall not share or distribute the documents or information to anyone in any manner and shall not use any Confidential Discovery Material in any fashion or for any purpose, other than to render an opinion in this case.

(7) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(8) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) Control of Documents. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year

after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) Copies. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) Inadvertent Production. Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

6. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under ~~Seal~~ /Restricted Access/. The Court highly discourages the manual filing of any pleadings or documents under seal. When seeking to file documents under ~~seal~~ /Restricted Access/ the parties shall comply with D.C.COLO.LCivR 7.2. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information: /Restricted Access/

(a) Before any document marked as /CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed under ~~seal~~ with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under ~~seal~~. /Restricted Access/.

(b) Where agreement is not possible or adequate, before a CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the

5

attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

(c) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under ~~seal~~ [Restricted Access] with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under ~~seal~~ [Restricted Access] as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

(d) When seeking to file documents under ~~seal~~ [Restricted Access] the parties shall comply with D.C.COLO.LCivR 7.2.

7. Challenges by a Party to Designation as Confidential. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8. Action by the Court. Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under the Court's Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

6

9.   Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

10.   The manufacturers and distributors of the pain pumps may designate any documents or other discovery material as **"Trade Secret"** by stamping or otherwise clearly marking as **"Trade Secret"** the protected material in a manner that will not interfere with the legibility or audibility. Any discovery material designated as **"Trade Secret"** shall be treated in all respects as Confidential Discovery Material. With respect to the manufacturers and distributors of the pain pumps, the trade secret discovery material shall only be produced to counsel (including in-house counsel) as defined in paragraph 5(a) and not any other employees of those parties. The purpose of this paragraph is to prevent manufacturers and distributors of pain pumps from having access to the other's trade secret discovery material, except as needed by counsel defending this action. Nothing in this paragraph, or any affixation of the "'Trade Secret" designation, shall impose any further obligation upon an individual plaintiff but shall apply, to a plaintiff's counsel and/or representative.

11.   This Stipulated Qualified Protective Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA"). Any health information pertaining to an identifiable individual shall be automatically deemed **"Confidential"** and shall be treated as Confidential Discovery Material under the terms of this order, without being stamped as **"Confidential"** by the Supplying Party. Nothing in this order shall prevent a party from objecting that documents do not contain individually identifiable health information, are not "Confidential" or are not otherwise subject to the requirements of HIPAA.

12. Nothing in this Stipulated Qualified Protective Order shall preclude a party from using or disclosing its own Confidential Discovery Material in any manner it sees fit, without the prior consent of any other party and without waiving its ""**Confidential**" or "**Trade Secret**" status under the Order.

13. Any party served with a subpoena or other notice compelling production of Confidential Discovery Material shall immediately give written notice to counsel for the Supplying Party. Upon receipt of such notice, the Supplying Party bears the burden or opposing the subpoena or other notice as it deems appropriate.

14. Counsel for a party may show Confidential Discovery Material to a third party witness during a deposition provided the witness has signed a Confidentiality Acknowledgement in advance of the deposition. In the event the third party witness refuses to sign a Confidentiality Acknowledgement, Counsel shall not disclose any Confidential Discovery Materials to the refusing third party witness, absent a Court order upon notice to the Supplying Party.

15. Use of Confidential Documents or Information at Trial. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information.. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.     Obligations on Conclusion of Litigation.

      (a)    Order Remains in Effect. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      (b)    Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in paragraph 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

      (c)    Return of Documents Filed under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Court's Local Rules and the presiding judge's standing orders or other relevant orders.

12.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms. So Ordered.

Dated: Denver, Colorado
May 14th, 2012

_____
HONORABLE MICHAEL J. WATANABE
UNITED STATES DISTRICT JUDGE

**WE SO STIPULATE and agree to be bound by the terms of this Order:**

**KRESL & JOHNSON**

By: /s/ *Thomas J. Kresl*
Thomas J. Kresl
Eric R. Thompson
600 South Cherry Street, Suite 217
Denver Colorado, 80246
P: 303-336-2100
F: 303-388-1749
*tkresl@kresljohnson.com*
*ethompson@kresljohnson.com*
***Attorneys for Plaintiff***

**TUCKER ELLIS AND WEST, LLP**

By: /s/ *Sandy Eloranto*
Sandy Eloranto
Metropoint I, Suite 1325
4600 S. Ulster Street
Denver, Colorado 80237
P: 720-897-4400
F: 720-222-5242
*sandy.eloranto@tuckerellis.com*
***Attorneys for Defendant Moog Inc.***

**HARRIS BEACH PLLC**

By: /s/ *Frederick H. Fern*
Frederick H. Fern
100 Wall Street
New York, NY 10005
Phone: (212) 687-0100
Fax: (212) 687-0659
*painpumplit@harrisbeach.com*
***Attorneys for Defendant Moog Inc.***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

DANIEL HAMILTON,	Civil Action No.: 12-cv-00501-REB-MJW

        Plaintiff,

-against-

MOOG INC.,

        Defendant.

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

  The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2012, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District Court of Colorado in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____

Date: _____   Signature: _____

11