IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No.  12-cv-00501-REB-MJW

DANIEL HAMILTON,

Plaintiff,

v.

MOOG, INC.,

Defendant.

## MINUTE ORDER

      Now before the court is plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26 (Docket No. 41).  Plaintiff's motion involves a subpoena issued to David S. Bailie, M.D. from the U.S. District Court for the District of Arizona.

      To the extent a motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this court must deny such request without prejudice.  Pursuant to Rule 45(c)(3)(A), only "the issuing court" may quash or modify a subpoena.  See, e.g., In re Sealed Case, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district).  "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them."  In re Sealed Case, 141 F.3d at 341 (citations omitted).  Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court.  See In re Digital Equipment Corp., 949 F.2d at 231.

      Further, the court finds that the issues presented in plaintiff's motion do not "extend beyond the specifics of the particular subpoena."  See Rajala v. McGuire Woods, LLP, No. 08-2638-CM-DJW, 2010 WL 4683979, at *7 (Nov. 12, 2010 D. Kan.). Plaintiff objects to a number of the document requests made in the subpoena as being unduly burdensome.  Plaintiff also argues some of the requested documents are protected.  In addition, plaintiff objects to the timing of the subpoena.  None of these issues are "central to the case."  Id.  Rather, plaintiff's objections are specific, and limited, to the subpoena issued by the U.S. District Court for the District of Arizona.  As such, this court lacks jurisdiction to rule on plaintiff's motion.

Accordingly, for the above reasons, it is hereby ORDERED that plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26 (Docket No. 41) is DENIED WITHOUT PREJUDICE.

Date: February 5, 2013